### ENNIS v. UNITED STATES.
### No. 1094–A.

District Court, W. D. New York.
Dec. 28, 1936.

Judson R. Hoover, of Elmira, N. Y., (Gaylord Riggs, of Elmira, N. Y., of counsel), for plaintiff.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., and Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y.

RIPPEY, District Judge.

At the close of all the evidence, motions were made by both sides for direction of verdict. In addition, defendant moved to dismiss the complaint on various grounds stated. Decision was reserved on all three motions and the case submitted to the jury. The jury found a verdict in favor of the plaintiff. Thereupon, the defendant moved to set aside the verdict and for a new trial on grounds specified in section 549 of the Civil Practice Act of the State of New York, and decision was reserved upon that motion.

Defendant still insists that the medical testimony is inadequate to show permanent disability prior to the lapse of the policy. There is no question in this case that the veteran was injured in the service, that the injury was so severe as to totally incapacitate him, and that the injury was to the back and sacroiliac joint, and the medical and lay testimony, with the Government records and other evidence, indicate that the injury while in service totally disabled him from the time of the injury. The testimony of Dr. Ott, together with the other testimony in the case, does not satisfy the requirements in this circuit in showing that the disability was permanent prior to the lapse of the policy. United States v. Clapp (C.C.A.) 63 F.(2d) 793; United States v. Lumbra (C.C.A.) 63 F.(2d) 796, affirmed 290 U.S. 551, 54 S.Ct. 272, 78 L. Ed. 492; United States v. Wilfore (C.C. A.) 66 F.(2d) 255; United States v. Smith (C.C.A.) 68 F.(2d) 38.

Although the record is in such shape that an appellate court may finally dispose of the case, the plaintiff, in my opinion, has a meritorious case. I have seen him and heard him testify on the witness stand at two trials, and he impressed me as being entitled to credit. It ought to be possible, if the facts warrant, to provide the necessary medical testimony to connect up the permanency of his injury to a time prior to the lapse of the policy. As a matter of fact, there was testimony of that kind in the first trial of the case. My recollection is that Dr. Jones testified on the first trial that in his opinion the injuries were permanent within the meaning of the law, prior to the date of the lapse of the policy. I do not have the record before me to verify this. On the second trial, plaintiff was unable to produce Dr. Jones, for reasons which were explained. I am not prepared to say, on the record in this case, that an apparently honest man who made an effort to support himself and his family and thereby established a work record, notwithstanding constant pain and suffering and sub-

stantial injury to his health, should be penalized on account of the work record, whereas, had he been a loafer and a faker and staggered along on semi-starvation without working he might have recovered.

The motions to dismiss and for a direction of verdict are denied. The motion of the defendant for a new trial under section 549 of the Civil Practice Act of the State of New York is granted, and I direct the clerk to place the cause upon the trial calendar for the Elmira term commencing the second Tuesday in January, 1937.

It is so ordered.